Maurice B. VerStandig, Esq.
Bar No. MD18071
Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com
christianna@dcbankruptcy.com
*Proposed Counsel for the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-464-ELG |
| | ) | (Chapter 11) |
| Synergy Reorg, LLC.[1] | ) | |
| | ) | |
| Debtors. | ) | Joint Administration Motion Pending |

**MOTION TO WAIVE NECESSITY OF CLAIMS AGENT, TO MODIFY COMPLEX PROCEDURES, AND FOR ENTRY OF CASE MANAGEMENT ORDER**

Come now Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd. (collectively, the "Debtors"), by and through undersigned proposed counsel, pursuant to Procedures for Complex Chapter 11 Cases in the District of Columbia (the "Complex Case Procedures"), and move this Honorable Court to (i) excuse the requirement of a claims and noticing agent; (ii) modify certain of the Complex Case Procedures; and (iii) enter a case management order, and in support thereof states as follows:

Pursuant to section VII of the Complex Case Procedures, the Debtors ask this Honorable Court to enter a case management order, subject to the provisos and modifications discussed *infra*.

[1] The Debtors in these cases are Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd.

Pursuant to section X of the Complex Case Procedures, the Debtors ask that the necessity of a claims and noticing agent be waived *sub judice*. There exist only 103 parties on the master service list in the proposed lead case (with notably fewer in each other case), which is well within the range ordinarily managed by the clerk's office in chapter 11 cases. And while one of the Debtors is a publicly traded company, inviting a potentially large number of beneficial equity holders, such is immaterial insofar as these are liquidating cases where the publicly traded entity does not feign solvency. *Cf. McGuirl v. White*, 86 F.3d 1232, 1233 (D.C. Cir. 1996) (discussing limited standing of an insolvent debtor); *Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir. 1985) (". . . an insolvent debtor is not a party in interest and thus lacks standing because he has no pecuniary interest in the distribution of his assets among his creditors.").

The Debtors similarly ask that section XX(a) of the Complex Case Procedures—requiring every motion be accompanied by a proposed order—be disregarded in this case. Good cause exists for such insofar as the provision cross-references Local Rule 9071-1, which has since been modified to no longer impose any such requirement.

Additionally, the Debtors ask the case management order issued herein make express that (i) notice on a party's counsel of record is service on that party, without any requirement for redundant service; (ii) electronic service, upon any party having appeared herein and furnished an e-mail address (whether directly or through CM/ECF) is preferable to mail service and shall supplant mail service so as to save expenses; and (iii) private service—by the Debtors—of the case management order, on foreign creditors, shall constitute the only required service upon such foreign entities unless and until they designate an e-mail address for service, *except* any motion or court paper directly addressing the claim(s) of such foreign entities (i.e., a claim objection), other than a plan of reorganization and/or disclosure statement, shall be served through reliable foreign

overnight courier or comparable service (including ordinary mail via Canada Post). Further, so as to minimize expenses, the Debtors propose that the master service list only be utilized in connection with items for which service would otherwise be required on one or more parties via US Mail, with traditional CM/ECF service sufficing for ordinary motions, responses, and docket activity.

Respectfully submitted,

Dated: September 7, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com

Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Proposed Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of September, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig